**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
JOAO CARLOS SALVADOR GOMES,           **MEMORANDUM**
           Plaintiff,                           **AND ORDER**
     - against -
                                                11-CV-0580 (DLI) (JO)
ANGOP, et al.,
           Defendants.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       The defendants move to stay discovery pending determination of the motion they filed on April 8, 2011, to dismiss the Complaint on the basis of arguments that the court lacks subject matter jurisdiction, the various defendants are immune from suit for a variety of reasons, the Complaint fails to state a cognizable claim, and lack of proper service or venue. *See* Docket Entry ("DE") (Motion to Stay Discovery); DE 11 & DE 12 (Motion to Dismiss). Plaintiff Joao Carlos Salvador Gomes ("Gomes"), appearing *pro se*, opposes the request for a stay on the grounds that his claims are meritorious and that the defendants are precluded from raising an immunity defense. DE 19 (Opposition).

       Under Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause' shown." *Hollins v. United States Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). The following factors may be considered in determining whether a stay is warranted: "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay: (4) the nature and complexity of the action; and (5) the posture of the litigation." *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007). A stay of discovery pending resolution of a potentially dispositive motion

is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations and citations omitted; alterations in original); *accord Computer Assocs.*, 247 F.R.D. at 69.

The defendants appear to have a substantial basis for asserting an immunity defense, notwithstanding Gomes's preclusion argument for reasons amply set forth in their motion papers. *See* Motion to Dismiss at 9-11. Moreover, I agree with the defendants that weighing the potential burden of responding to discovery against the potential prejudice to Gomes favors a stay. The defendants' motion to stay is granted and all discovery is stayed pending the resolution of the defendants' motion to dismiss the Complaint. I direct defendants' counsel promptly to provide a copy of this Memorandum and Order to the plaintiff.

**SO ORDERED.**

Dated: Brooklyn, New York
May 18, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge